IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEBORAH BILBREW                                            PLAINTIFF

V.                                     CAUSE NO. 3:17-CV-346-DCB-LRA

MISSISSIPPI BOARD OF NURSING and
DR. LYNN LANGLEY                                          DEFENDANTS

ORDER AND OPINION

Before the Court is the motion of defendants Mississippi Board of Nursing (the "Board") and Dr. Lynn Langley to strike plaintiff Deborah Bilbrew's untimely-filed opposition to defendants' motion for summary judgment. For the reasons that follow, the motion is DENIED.

**Background**

This is an employment-discrimination dispute. Bilbrew sued the Board and Dr. Langley in this Court, alleging the Board fired her because she is African-American and retaliated against her because she sometimes ate lunch with a co-worker who filed an EEOC complaint against the Board.

The Board and Dr. Langley moved for summary judgment on April 17, 2018. Doc. 24. On the deadline for opposing that motion, Bilbrew moved for an extension of time to respond. Doc. 26. The Court granted the motion and set a May 8, 2018 response deadline. Doc. 27.

On May 8, 2018, Bilbrew moved for a second extension. Doc. 28. The Court granted Bilbrew's motion and set a May 18, 2018 response deadline. Doc. 29. Three days before that deadline, Bilbrew moved the Court for a third extension, requesting until May 16, 2018 to respond. Doc. 30. The Court did not act on Bilbrew's third extension request.

Twelve days past the deadline, Bilbrew responded in opposition to summary judgment. Doc. 31. She did not file a supporting brief. Twelve days later — twenty-four days after the response deadline expired — Bilbrew filed an "amended" response in opposition to summary judgment and a supporting brief. Docs. 32, 33.

The Board and Dr. Langley now move to strike Bilbrew's "amended" response and supporting brief as untimely filed. Doc. 34.

I

The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f) (emphasis added).

Bilbrew's opposition papers are not "pleadings" under Federal Rule of Civil Procedure 7(a), so they cannot be struck under Federal Rule of Civil Procedure 12(f). See, e.g., South Annville Tp. v. Kovarik, No. 1:13-CV-1780, 2014 WL 199020, at *5 (M.D. Pa. Jan. 16, 2014); King v. North Carolina Dep't of Pub. Safety, No. 5:12-CV-152-F, 2014 WL 69601, at *1 (E.D.N.C. Jan. 8, 2014); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed.).

Even if defendants' motion were procedurally proper, the Court would deny it. Defendants have not explained how they will be prejudiced if the Court considers Bilbrew's untimely-filed opposition. And absent a showing of prejudice, the Court is loath to punish Bilbrew for her counsel's neglect.

II

The Court's denial of defendants' motion should not be construed as an endorsement of Bilbrew's counsel's conduct. The Court is troubled by Bilbrew's counsel's abuse of the Court's liberal extension-granting policy and by counsel's failure to

acknowledge or offer any explanation for her tardy filings. Sanctions may be warranted.

Accordingly,

IT IS ORDERED that the motion of defendants Mississippi Board of Nursing and Dr. Lynn Langley to strike plaintiff Deborah Bilbrew's untimely-filed opposition to defendants' motion for summary judgment is DENIED. Defendants' summary-judgment reply brief is due seven days from entry of this Order.

FURTHER ORDERED that counsel for plaintiff Deborah Bilbrew has ten days from entry of this Order to SHOW CAUSE to this Court why it should not impose sanctions under Federal Rule of Civil Procedure 11.

SO ORDERED, this the 20th day of June, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE